UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte DIVISION
DOCKET NO. 3:18-cv-00592-FDW-DSC

| | |
|---|---|
| Michele L. Lizzio, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| GMRI, Inc., ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's Motion to Confirm Arbitration Award and to Dismiss All Claims with Prejudice. (Doc. No. 10). Plaintiff does not oppose the Motion, and the time for doing so has expired. Id. at p. 2; see also 9 U.S.C. § 12 (2018) ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party . . . within three months after the award is filed or delivered."). For the reasons that follow, Defendant's Motion is GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

Plaintiff commenced this suit against Defendant on November 7, 2018 for claims arising under the Americans with Disabilities Act ("ADA"). (Doc. No. 1, p. 1). Plaintiff alleged Defendant was liable under the ADA because Defendant allegedly failed to reasonably accommodate Plaintiff after she suffered a traumatic knee injury. Id. at pp. 11-13. On January 4, 2019, the parties jointly moved to compel arbitration and stay the proceedings in this Court. (Doc. No. 8). The Joint Motion was granted, and the case was stayed pending resolution of binding arbitration pursuant to the Federal Arbitration Act ("FAA"). (Doc. No. 9). Arbitration commenced in April 2019, and a hearing was conducted in February 2020. (Doc. 10-1, p. 2). The arbitrator determined Defendant is not liable to Plaintiff, both parties are to bear their own costs and expenses, Defendant is to bear the cost of arbitration, and Plaintiff's claims are dismissed without prejudice. Id. at pp. 6-7. Defendant subsequently filed the instant motion on August 18, 2020. (Doc. No. 10).

1

Defendant's Motion to Confirm Arbitration and Dismiss is unopposed by Plaintiff. (Doc. No. 10, p. 2). Moreover, the FAA indicates that "there is a strong presumption in favor of confirming arbitration awards under the FAA, and any party seeking to overturn an arbitration award faces a 'heavy burden.'" <u>Williamson Farm v. Diversified Crop Ins. Servs.</u>, 917 F.3d 247, 253 (4th Cir. 2019) (quoting <u>Three S. Del., Inc. v. DataQuick Info. Sys., Inc.</u>, 492 F.3d 520, 527 (4th Cir. 2007)). Indeed, an "arbitration award is enforceable even if the award resulted from a misinterpretation of law, faulty legal reasoning or erroneous legal conclusion." <u>Id.</u> (citation and quotation omitted). Because Plaintiff has not opposed Defendant's Motion and because of the strong presumption in favor of confirming arbitration awards, the Court hereby GRANTS Defendant's Motion.

IT IS THEREFORE ORDERED that Defendant's Motion to Confirm Arbitration and Dismiss, (Doc. No. 10), is GRANTED. The Court respectfully directs the Clerk to terminate the stay of this case and to DISMISS Plaintiff's claims WITH PREJUDICE.

IT IS SO ORDERED.

Signed: November 5, 2020

*[signature]*

Frank D. Whitney
United States District Judge